**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4842-16T3

CURTIS CAMPBELL,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

---

Submitted October 31, 2018 – Decided December 6, 2018

Before Judges Koblitz and Currier.

On appeal from the New Jersey Department of Corrections.

Curtis Campbell, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Kai W. Marshall-Otto, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Curtis Campbell, a State inmate, appeals from the Department of Corrections (DOC) finding that he was guilty of prohibited act *.004, fighting with another person, in violation of N.J.A.C. 10A:4-4.1(a). Because we conclude the hearing officer failed to articulate appropriate reasons for the imposed sanctions required under N.J.A.C. 10A:4-9.17(a), and Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016), we remand to the DOC for reconsideration of the sanctions.

After Campbell and his cellmate reported to prison staff they had engaged in a physical altercation, he was scheduled for a disciplinary hearing. Campbell admitted in a verbal and written statement that an altercation had occurred, naming his cellmate as the aggressor.[1] At the hearing, Campbell was granted a counsel substitute. He declined the opportunity to present witnesses or cross-examine any adverse witnesses.

The hearing officer found Campbell guilty of *.004 and imposed sanctions of fifteen days loss of recreational privileges, ninety-one days administrative segregation and sixty days loss of commutation time. The findings and sanctions were reviewed and affirmed by the DOC. The assistant superintendent stated: "There is no misinterpretation of the facts. Inmate['s] written statement

_____

[1] The cellmate in turn accused Campbell of initiating the altercation.

A-4842-16T3

indicates an altercation took place. The sanction imposed was proportionate to the offense."

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, or unreasonable, or lacked the support of "substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

We will not, however, "perfunctorily review and rubber stamp the agency's decision." Blagun v. N.J. Dept. of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003). "Instead, we insist that the agency disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken." Ibid.

On appeal, Campbell asserts there was insufficient evidence to find him guilty of *.004, his counsel substitute was ineffective, and the competent evidence did not support the disciplinary charges.

A finding of guilt at a disciplinary hearing must be "based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). We are satisfied Campbell was afforded all of his due process rights

3

regarding the hearing as articulated in Avant v. Clifford, 67 N.J. 496, 525-33 (1975). The substantial evidence presented at the hearing sustained the hearing officer's finding of guilt on *.004.

Campbell was deprived, however, of an articulation of the reasons for the imposed sanctions. Id. at 533. Under "reasons for sanction," the hearing officer wrote: "Both inmates indicated each was assaulted. There's evidence of an assault. Both indicated an altercation." These findings substantiate the finding of guilt, but do not provide reasons for the particular sanctions imposed.

A conviction under prohibited act *.004 results in a sanction of no less than ninety-one days of administrative segregation, as well as one or more of the additional sanctions required under N.J.A.C. 10A:4-5.1(g). Campbell was sanctioned to ninety-one days of administrative segregation, fifteen days loss of recreational privileges and sixty days loss of commutation time. All of these sanctions fall within the maximum amount of time that can be imposed. However, the hearing officer must provide an inmate with individualized reasons for the specific actions imposed. Mejia, 446 N.J. Super. at 378-79; Malacow v. N.J. Dep't. of Corr., __ N.J. Super. __ (App. Div. 2018) (slip op. at 10-12). It is not sufficient to merely impose a sanction within the maximum authorized limits. Instead, the hearing officer must articulate the factors

considered in the imposition of sanctions, so we may perform our review of "whether a sanction is imposed for permissible reasons." Mejia, 446 N.J. Super. at 379; see also N.J.A.C. 10A:4-9.17(a) (providing factors to individualize particular sanctions).

We, therefore, remand for a reconsideration of the imposed sanctions. Appropriate reasons for the sanctions must be articulated using the factors listed in the administrative code.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4842-16T3